IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEVONTE A. DILLARD,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:17-CV-3307-L-BK** |
| | § | (Criminal Case No. 3:16-CR-116-L-02) |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 22) was entered on July 31, 2019. After considering the Report, Petitioner's "Objections," the Government's response, Petitioner's reply, and applicable law, the court, for the reasons herein explained, determines that the findings and conclusions of the magistrate judge are correct as **modified** and accepted by the court.

### I. Procedural Background

In 2016, pursuant to a plea agreement that included a waiver of appellate rights, Petitioner Devonte A. Dillard ("Petitioner" or "Dillard") "pleaded guilty to conspiring to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii)." Report 1. He "was sentenced to 120 months' imprisonment on each count, to be served consecutively, for a total term of 240 months." *Id.* at 1-2. Petitioner did not file a direct appeal. Petitioner, instead, filed this habeas action pursuant to 28 U.S.C. § 2255, alleging that : "(1) his Section 924(c) conviction is unconstitutional and (2) his trial counsel rendered ineffective assistance by failing to file a notice of appeal despite his request to do so and for failing to consult with him

regarding an appeal." Report 2.  In his Memorandum of Law in Support of his Motion to Vacate, Set Aside or Correct Sentencing Under 28 U.S.C. § 2255 ("Memorandum of Law"), Petitioner contends that he is entitled to relief under section 2255.  For relief, Petitioner requests that,

> [i]f the Court finds that Dillard's attorney failed to file a notice of appeal at Dillard's request, the Court should direct the Clerk of Court to re-enter the Court's sentencing judgment so that Dillard may take and perfect a timely appeal. If the Court grants this relief, this § 2255 motion and remaining claims for relief should be dismissed without prejudice.

Pet'r's Mem. of Law 16 (Doc. 2).

The magistrate judge, after conducting an evidentiary hearing, agreed that Petitioner's trial counsel provided ineffective assistance in failing to file a notice of appeal. Based on *United States v. West*, 240 F.3d 456, 459-60 (5th Cir. 2001), the magistrate judge concluded that, "when an attorney renders constitutionally ineffective assistance of counsel in failing to preserve appellate rights, the defendant is entitled to an out-of-time appeal." Report 13.  The magistrate judge, therefore, recommended that "the Section 2255 motion should be GRANTED in part as to Movant's second claim, Movant should be permitted to file an out-of-time appeal, and Movant's *second claim* should be dismissed without prejudice." Report 1 (emphasis added).  Without addressing the merits of Petitioner's first habeas claim, the magistrate judge, in conclusion, recommended something slightly different—that "the Section 2255 motion should be GRANTED in part as to the second claim, Movant should be permitted to proceed with an out-of-time appeal in his underlying criminal case, and the *first claim* should be dismissed without prejudice." *Id.* at 13 (emphasis added).  After reviewing the entire Report and the parties' filings, the court determines that the reference on the first page of the Report to dismissing without prejudice the *second* habeas claim is a typographical error.  The magistrate judge further recommended that "the judgment in the underlying criminal

action, Cause No. 3:16-CR-00116-L-02, . . . be entered on the docket of this Court, so that Movant may proceed with an out-of-time appeal by filing a timely notice of appeal." *Id.* at 13-14.

## II. The Parties' Contentions

Petitioner filed "Objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge," but he clarifies that he is not objecting to the Report. Rather, he is requesting, via his Objections, an alternative disposition of his section 2255 petition. In this regard, Petitioner asserts:

> Dillard agrees with the Magistrate's findings and conclusions that he received ineffective assistance of counsel that deprived him of his right to a direct appeal. However, Dillard submits that it is not necessary in this case to dismiss Dillard's first § 2255 claim for relief in order to grant Dillard an out-of-time appeal. Rather, Dillard submits that the Court can grant Dillard relief on his *Johnson* claim, dismiss Count Four of the Indictment, and reenter judgment as to Count One from which Dillard can timely appeal if he so chooses after being properly advised of the advantages and disadvantages of an appeal.

Pet'r's Obj. 2-3. For support, Petitioner quotes from the Fifth Circuit's opinion in *West*:

> [G]ranting § 2255 relief entails vacating and setting aside the judgment and then choosing one of the proper remedies. Under the judicial remedy crafted in our circuit's precedent, the same result can be reached by granting an out-of-time appeal and reentering the criminal judgment by vacating the judgment and resentencing; by both, a new judgment is entered on the docket from which the defendant can appeal. However, in choosing the judicial remedy, the court must deny the statutory remedy, for it is inconsistent to 'grant' § 2255 relief in name, yet deny it in
> substance by refusing to apply a remedy it provides[.]

*Id.* at 3 (quoting *West*, 240 F.3d at 460). Petitioner, therefore, contends: "There are two ways the Court can grant [him] an out-of-time appeal, the statutory relief available under § 2255, or the judicial remedy made available by the Fifth Circuit." Pet'r's Obj. 3. Petitioner asserts that, while "the latter requires the dismissal of the instant § 2255 motion without prejudice to refiling . . . , the instant case presents a unique situation where [he] is entitled to relief on both claims raised in his

Order – Page 3

§ 2255 motion," particularly in light of the Supreme Court's determination "in *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (2019) that § 924(c)(3)(B) is unconstitutionally vague." Pet'r's Obj. 3-4. Based on the holding in *Davis*, Petitioner contends that there is no doubt that he is entitled to habeas relief on his first constitutional claim and, thus, vacatur of Count Four of the Indictment, which is "predicated on Count One of the Indictment—conspiracy to commit Hobbs Act robbery." *Id.* at 4. Petitioner, thus, requests that the court grant his habeas motion as to both of his claims under section 2255 rather than granting in an out-of-time appeal under the judicial remedy, which would require the court to dismiss without prejudice his section 2255 petition and require him to file a separate out-of-time appeal.

The Government responded to Petitioner's proposed disposition. Like Petitioner, the Government does not object to the magistrate judge's recommendation but, "contrary to Dillard's request, believes that the Court should dismiss without prejudice Dillard's [first] claim related to his conviction under 18 U.S.C. 924(c)." Gov't Resp. 1. The Government acknowledges that Petitioner's contention regarding his conviction for conspiracy to commit Hobbs Act robbery is correct in light of *Davis* but argues that this claim is procedurally barred by the waiver in his plea agreement of his appellate rights The Government asserts that, "given the Magistrate's recommendation that Dillard receive an out-of-time appeal and the government's lack of objection, he will have the opportunity to cure his procedural default on both the Section 924(c) conviction issue and any challenge to his appeal waiver, if he chooses to do so on direct appeal." *Id.* at 3-4. The Government, therefore, requests that the court reject Petitioner's request for "immediate relief on his Section 924(c) claim." *Id.* at 4.

Petitioner disagrees that his first claim is procedurally defaulted and contends that it is now settled law that conspiracy to commit Hobbs Act robbery is not a "crime of violence" for purposes of section 924(c). Petitioner, therefore, argues that he is actually innocent of the offense. In addition, Petitioner contends, for the reasons stated in his "Objections" that the court has authority to grant him relief under section 2255 on both of his habeas claims, and that the court should exercise its authority to remedy the issue here and now, so he can then decide whether he wants to pursue an appeal after his section 924(c) conviction is vacated.

## III. Discussion

Neither party disputes that Petitioner should be allowed to file an out-of-time appeal. They, instead, anticipate what claim(s) will be brought in any appeal filed by Petitioner, and whether such claim(s) are procedurally barred. The arguments regarding the validity of Petitioner's first habeas claim, however, exceed the scope of the magistrate judge's findings and conclusions, which focused only on whether Petitioner should be allowed to file an out-of-time appeal based on his contention that his attorney rendered constitutionally ineffective assistance of counsel in failing to file a notice of appeal as requested. Moreover, the court is not convinced that granting Petitioner relief under section 2255 is the best course of action, as granting Petitioner relief under section 2255 would require it to apply one of the statutory remedies set forth in section 2255, which is not addressed in the Report.

As the Fifth Circuit in *West* explained, a district court can grant an out-of-time appeal under either section 2255 ("statutory remedy") or the judicial remedy available in this circuit, but each entails different types of relief. *West*, 240 F.3d at 460. Under section 2255,

> If the court finds . . . a denial or infringement of the constitutional rights of the prisoner as to render the judgment

> vulnerable to collateral attack, the court shall vacate and set the judgment aside and *shall* discharge the prisoner or resentence him or grant a new trial or correct the sentence as it may appear appropriate.
>
> 28 U.S.C. § 2255 (emphasis added). *In other words, granting § 2255 relief entails vacating and setting aside the judgment and then choosing one of the proposed remedies.*

*West*, 240 F.3d at 460 (emphasis added). Although granting an out-of-time appeal is not one of the options in section 2255, the court in *West* noted that "doing so is not prohibited by § 2255." *Id.* Alternatively, an out-of-time appeal can be granted using the judicial remedy, which only requires re-entry of the criminal judgment and dismissal without prejudice of the petitioner's section 2255 claim:

> Under the judicial remedy crafted in our circuit's precedent, the same result can be reached by granting an out-of-time appeal and re-entering the criminal judgment as by vacating the judgment and resentencing; by both, a new judgment is entered on the docket from which the defendant can appeal. However, in choosing the judicial remedy, the court must deny the statutory remedy, for it is inconsistent to "grant" § 2255 relief in name, yet deny it in substance by refusing to apply a remedy it provides, as did the district court.

*Id.* & n.3 ("[P]art of the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice, or, as in this instance, so dismissing those parts of the motion for which the out-of-time appeal is granted.").

Based on reasoning in *West*, the Fifth Circuit in *United States v. Cooley*, 549 F. App'x 307, 308 (5th Cir. 2013) (unpublished), concluded that "[g]anting an out-of-time appeal is a permissible remedy if counsel has failed in his duty to perfect a requested appeal." *Id.* (citing *West*, 240 F.3d at 459). The court went on to explain that, "[u]nder this judicial remedy, the district court must dismiss without prejudice a petitioner's § 2255 claim of ineffective assistance of appellate counsel and

reinstate the judgment of conviction, which will restart the time for appeal under Federal Rule of Appellate Procedure 4(b)(1)(A)." *Cooley*, 549 F. App'x at 308 (citing *West*, 240 F.3d at 459-60).

Here, the magistrate judge appears to recommend that the court grant Petitioner's habeas petition under section 2255 with respect to his second ineffective assistance of counsel claim; grant Petitioner an out-of-time appeal as to his first section 924(c) claim; and dismiss without prejudice his first section 924(c) claim. Rather than proceeding in this manner under section 2255 or the manner proposed by the parties with respect to Petitioner's first claim, the court believes it would be more efficient and appropriate to: (1) grant Petitioner an out-of-time appeal using the judicial remedy based on the magistrate judge's findings and conclusions that Petitioner's attorney rendered constitutionally ineffective assistance of counsel; and (2) dismiss without prejudice Petitioner's habeas petition in its entirety, including his ineffective assistance of counsel claim. Proceeding in this manner achieves the same result and is consistent with the judicial remedy crafted by the Fifth Circuit for allowing out-of-time appeals. *West*, 240 F.3d at 459-60; *Cooley*, 549 F. App'x at 308. Proceeding in this manner is also consistent with the relief originally requested by Petitioner. Pet'r's Mem. of Law 16 (Doc. 2).

## IV.     Conclusion

Having considered the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge, and accepts them as those of the court as **modified**. Accordingly, for the reasons stated in the Report, the court **grants** Petitioner's request to file an out-of-time appeal from the judgment in his criminal case. Rather than proceeding under section 2255 as recommended by the magistrate judge or proposed by Petitioner, which would

require vacating the judgment in part and either discharging Petitioner or resentencing him or granting him a new trial pursuant to section 2255, the court uses the judicial remedy recognized in this circuit and **directs** the clerk of the court to: (1) re-enter the judgment in Petitioner's Criminal Case No. 3:16-CR-116-L-02, which will trigger a new appellate deadline in that case; and (2) file a notice of appeal on Petitioner's behalf in his criminal case no later than 14 days after the reentry of the criminal judgment.

Consistent with this remedy, the court **overrules** Petitioner's "Objections" to the Report; **denies** Petitioner's request to grant his section 2255 motion as to both claims to avoid having to file a separate out-of-time appeal addressing the claims; **denies without prejudice** his section 2255 habeas petition in its entirety; and **dismisses without prejudice** this action for the reasons herein stated. *In so ruling, the court expresses no opinion regarding the parties' contentions regarding the validity of any claim that Petitioner might assert on appeal.*

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

  **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

  **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report. In the event that Petitioner files a notice of appeal, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 28th day of January, 2020.

                                                  Sam A. Lindsay
                                                  United States District Judge